UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JODY COLVIN,

Plaintiff,

v. Case No. 2:25-cv-319-KCD-DNF

CAPTAIN C. KILGO, OFFICER J. MOORE, AND OFFICER W. WILLIAMS,

Defendants,
_________________________________/

**ORDER**

Before the Court is Defendants Captain Kilgo, Officer Moore, and Officer Williams's motion for summary judgment. (Doc. 29.)[1] After reviewing the pleadings and record, the Court denies their motion.

**I. Background and Procedural History**

Plaintiff Jody Colvin is a civilly-committed detainee at the Florida Civil Commitment Center (FCCC). (Doc. 1.) Colvin alleges that after he was forced to eat his dinner without juice, he became angry and used toilet paper to cover the glass door to his cell. (*Id.* at 12.) Somebody instructed Colvin to remove the paper. (*Id.*) But when he did so, he saw "five officers standing outside the cell door with a riot shield." (*Id.*) He then walked to the back of his cell and laid on

---

[1] Defendant Kilgo's name is misspelled in CM/ECF. The Court will use the correct spelling in this Order (including when quoting Colvin's pleadings or portions of earlier orders) and direct the Clerk to correct the misspelling on CM/ECF.

the floor. (*Id.*) He was instructed to roll to his stomach, and he asked why. (*Id.*) After being told to roll over a second time, he did so. (*Id.*) At that point, Defendants allegedly "jumped on the Plaintiff and placed handcuffs on him." (*Id.*) Kilgo then began hitting Colvin's head and face with his fist and calling him "a sorry son of a bitch." (*Id.*) Moore and Williams joined in and also hit Colvin with their fists. (*Id.*)

Colvin's complaint raises excessive force and failure-to-intervene claims. He asserts that after the use of force, he was sent from the facility for x-rays and a CAT scan and was given medication for his injuries. (Doc. 1 at 5.) He asks the Court to discharge Defendants from employment and seeks monetary damages for his physical and psychological injuries. (*Id.*)

Defendants moved for summary judgment on March 30, 2026. (Doc. 29.) They generally argue that Colvin was non-compliant with Defendant Williams' orders to remove paper from his observation cell window and that the force used did not exceed what was necessary to ensure compliance with the orders. They also argue that the minimal injuries suffered by Colvin support a conclusion that the force used was no greater than necessary. In support, they provide Defendants' responses to Colvin's requests for admission (Doc. 29-1; Doc. 29-2; Doc. 29-3); Defendants' responses to Colvin's interrogatories (Doc. 29-4; Doc. 29-5; Doc. 29-6)); Defendant Kilgo's Affidavit (Doc. 29-7); Defendant Moore's Affidavit (Doc. 29-8); Defendant Williams' Affidavit (Doc. 29-9);

Colvin's relevant medical records (Doc. 29-10; Doc. 29-14; Doc. 29-15; Doc. 29-16; Doc. 29-17; Doc. 29-18; Doc. 29-19; Doc. 29-20; Doc. 29-21; Doc. 29-22); and documents related to Colvin's behavior management reports. (Doc. 29-11; Doc. 29-12; Doc. 29-13.)

In response, Colvin claims that his allegations must be believed "and all inferences are to be drawn in his favor." (Doc. 37 at 1.) He argues that the facts offered by the defense differ from those alleged in his complaint, forcing a genuine issue of material fact. (*Id.*) He offers no documents or affidavits to support his arguments.

## II. Legal Standard

Summary judgment is not a substitute for trial. It is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of identifying the portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). The court is only concerned with disputes over material facts, and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. When the moving party has the

burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But when the opposing party has the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party does not make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

## III. Discussion

The Court's Case Management and Scheduling Order (CMSO) supplied the requirements for parties who file or respond to motions for summary judgment. (Doc. 17.) The CMSO directed the moving party—here, Defendants—to "include a memorandum of law in support and a specifically captioned section titled, 'Statement of Material Facts' in a single document[.]" (*Id.* at 2.) The order explained that "[t]he statement of material facts must list each material fact alleged not to be disputed in separate, numbered paragraphs" and supported by a pinpoint citation to the record. (*Id.* at 2-3.) Defendants were cautioned that their "[f]ailure to submit a statement of material facts constitutes grounds to deny the motion." (*Id.* at 3.)

Likewise, the CMSO directed the party opposing summary judgment (Colvin) to include "a specifically captioned section titled, 'Response to Statement of Material Facts[.]'" (Doc. 17 at 3.) The CMSO explained that the response must "mirror the statement of material facts by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs." (*Id.*) Again, the CMSO required that each denial "set forth a pinpoint citation to the record where the fact is disputed." (*Id.*) The order cautioned that "any fact that the opposing counsel or party does not specifically controvert and not otherwise included in the Response to Statement of Disputed Material Facts may also be deemed undisputed if supported by the record evidence." (*Id.*)

Neither party complied with these clear directives. Although Defendants filed a "Motion for Summary Judgment and Incorporated Memorandum of Law" (Doc. 29), they do not include a section called "Statement of Material Facts" and it is unclear which (if any) of the numbered paragraphs in the motion are intended to list "material fact[s] alleged not to be disputed" as required by the CMSO. (Doc. 17 at 2.) Moreover, many of the facts listed in the motion's numbered paragraphs, while material, are also clearly disputed by the allegations in Colvin's complaint.[2] Likewise, Colvin made no attempt to file

[2] *See Sears v. Roberts*, 922 F.3d 1199, 1206 (11th Cir. 2019) (recognizing that a verified complaint serves as the equivalent of an affidavit for purposes of summary

his own list of material facts or to refute the facts alleged in Defendants' motion for summary judgment with pinpoint citations.

In short, neither Defendants nor Colvin has complied with the Court's CMSO. And the Court will not scour the record on behalf of any party to consider whether alleged facts are undisputed or material. Generally, when a party has not complied with the CMSO's directions for summary judgment, the Court will strike the filing and either proceed without it or direct the non-compliant party to try again. But after reading the pleadings and Defendants' evidence, the Court concludes that directing them to re-file their motion for summary judgment would be futile.

**A. Colvin's claims are evaluated under the Fourteenth Amendment.**

Defendants primarily argue that Colvin has not established that they used excessive force. In support, Defendants rely on the excessive-force standard from *Whitley v. Albers*, 475 U.S. 312 (1986). (Doc. 29 at 11-12.) Under that framework, the plaintiff must prove that the force used was applied "maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. at 320–21. *Whitley*, however, dealt with the Eighth Amendment's ban on cruel and unusual punishment, which bars the use of excessive force against the convicted. *Id.* at 318-19. Colvin is not a convicted prisoner. As a civil

---

judgment).

detainee, the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment, prohibits the use of excessive force against him. *See Piazza v. Jefferson Cty.*, 923 F.3d 947, 952 (11th Cir. 2019); *Kineard v. Smith*, No. 2:23-CV-559-JES-NPM, 2026 WL 538329, at *4 (M.D. Fla. Feb. 26, 2026).

And when assessing excessive force claims under the Fourteenth Amendment, the inquiry is whether the plaintiff has shown "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Whether Defendants' conduct was objectively unreasonable depends on what Colvin was doing when the force was used, and whether the force—judged from Defendants' perspective—was excessive in relation to a legitimate government objective, such as maintaining order. *Kingsley*, 576 U.S. at 398-99; *United States v. Hill*, 99 F.4th 1289, 1302 (11th Cir. 2024) ("Force is excessive if it is not rationally related to a legitimate nonpunitive governmental purpose or if it appears excessive in relation to that purpose.").[3] An officer can also be liable for failing to intervene when another officer uses excessive force. *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 924 (11th Cir. 2000). This liability arises "when the officer is in a position to intervene and fails to do so." *Id.*

---

[3] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

**B. Genuine issues of material fact remain as to whether the force used against Colvin was objectively unreasonable.**

Here, the following facts are undisputed: Colvin was placed in an observation cell after he reported hearing voices directing him to harm himself and others. (Doc. 29-10.) Colvin placed toilet paper on the window of the cell, which partially or completely obstructed the defendants' view. (Doc. 1; Doc. 29-9.) Defendant Williams ordered Colvin to remove the paper. (*Id.*).

At this point, the parties' versions of facts leading to the use of force differ significantly. Colvin alleges that he removed the paper from the window, observed the defendants standing outside, walked to the back of his cell, and laid on the floor. He alleges that he obeyed all commands and offered no resistance. Nevertheless, Defendants Kilgo, Moore, and Williams jumped on Colvin and began battering his head with their fists and injuring him. Defendants, however, tell a different story. They allege that Colvin was standing when Kilgo entered the cell, and when ordered to lay on the floor, Colvin threated to throw feces and urine at the staff. (Doc. 29-7.) Colvin refused repeated orders to get on the floor and Kilgo, seeing a security risk, "redirected him to the floor chest first." (*Id.*). During the redirection, Colvin attempted to bite Kilgo on his knee. (*Id.*) Officer Brewer and Defendant Moore assisted in the use of force due to Colvin's continued physical resistance. (Doc. 29-7; Doc. 29-8; Doc. 29-9.) Defendants do not know how Colvin got a bruise near his eye

but admit that "it is possible that the bruise occurred when Kilgo took him to the floor after he refused to lay on the floor." (Doc. 29-7.) Williams attests that he did not participate in the use of force against Colvin at all. (Doc. 29-9).

If Colvin refused to remove paper from his window, threatened to throw feces and urine at FCCC staff, refused to lie on the floor when directed to do so, and tried to bite Kilgo during the takedown, the defendants' actions and the amount of force used may have been an objectively reasonable response to his threats and disobedience. *See Kingsley*, 135 S. Ct. 2466, 2473 (2015) (recognizing that a plaintiff's active resistance to a lawful order is a factor to consider when determining the reasonableness of the force used); *Danley v. Allen*, 540 F.3d 1298, 1307 (11th Cir. 2008) (finding use of some force justified when an inmate twice refused an order to return to his cell). However, it is well settled that an officer cannot use force against a detainee if there is no need for it, and whether Colvin was resisting the take down at all is a contested material fact. *Ort v. White*, 813 F.2d 318, 327 (11th Cir. 1987) ("A fourteenth amendment violation occurs [when] officers continue to employ force or other coercive measures after the necessity for such coercive action has ceased.").

Defendants also argue that Colvin's relatively minor injuries are "consistent with a person being taken to the floor with force while the person was resisting the use of force." (Doc. 29 at 14.) The parties agree that Colvin suffered (at a minimum) abrasions to his left brow and beneath his left eye,

bleeding on the bridge of his nose and lip, lumps on his forehead and the top of his head, and a "questionable oblique nondisplaced fracture of the distal fibula, plantar calcaneal spur and mild soft tissue swelling around the ankle joint." (Doc. 29 at 9–10.) The Court recognizes that the extent of a plaintiff's injuries is relevant to the trier of fact because it provides an indication of the amount of force used. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). However, the inclusion of Colvin's medical records does not save Defendants' motion for summary judgment because even the complete absence of an injury here would not necessarily defeat Colvin's excessive force claim. The amount of force used can be objectively unreasonable or disproportionate, even when very little injury occurs. *Id*. at 1178 ("Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

## IV. Conclusion

On the undisputed material facts available here, a reasonable jury could find for Colvin. Thus, Defendants are not entitled to summary judgment. *See Saucier v. Katz*, 533 U.S. 194, 216 (2001) ("Of course, if an excessive force claim turns on which of two conflicting stories best captures what happened on the

street," summary judgment in favor of the defendant official is not permitted.) (Ginsburg, J., concurring).

For these reasons, it is **ORDERED**:

1. Defendants' motion for summary judgment (Doc. 29) is **DENIED.**
2. Colvin shall file with the Court and serve upon defense counsel a Pretrial Narrative Statement within **FORTY-FIVE (45) DAYS** from the date of this Order. The Statement shall contain:
    a. A brief general statement of the case;
    b. A narrative written statement of the facts that will be offered by oral or documentary evidence at trial;
    c. A list of all exhibits to be offered into evidence at the trial of the case;
    d. A list of the full names and addresses and places of employment for all the non-inmate witnesses Colvin intends to call;
    e. A list of the full names of all inmate witnesses Colvin intends to call;
    f. A summary of the anticipated testimony of each witness named in (d) and (e);
    g. A stipulation of facts/issues to be tried; and
    h. An estimated length of trial.
3. Within **FIFTEEN (15) DAYS** from the date Colvin files his Pretrial Narrative Statement, the defense shall file and serve upon Colvin a Statement that complies with paragraph two.

4. The Court encourages the parties to strongly consider settlement, although they are not required to do so.[4]

5. The **Clerk** is **DIRECTED** to correct the spelling of Defendant Captain C. Kilgo's name in CM/ECF.

**ENTERED** in Fort Myers, Florida on October 5, 2026.

Kyle C. Dudek
United States District Judge

---

[4] If the parties engage in settlement discussions, the Court requests that a joint notice be filed to notify the Court. Upon filing of any notice of settlement discussions, the Court would also entertain a motion to stay the deadlines in this case.